NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARA V. MARUTYAN; et al., | No. 18-16989 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01089-MMD-GWF |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted September 18, 2019**

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Ara V. Marutyan, Arthur Marutyan, and Diana Marutyan appeal pro se from

the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging

various constitutional claims in connection with the search and seizure of their

personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). We affirm in part, vacate in part, and remand.

The district court properly dismissed the Marutyans' Second Amendment claim because the Marutyans failed to allege sufficient facts to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) (Second Amendment right to keep and bear arms "[is] not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose").

The district court properly dismissed the Marutyans' Fourteenth Amendment substantive due process claim because the Marutyans failed to allege facts sufficient to show a deprivation of a fundamental right or liberty interest. *See Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) ("To establish a violation of substantive due process, a plaintiff must first show a deprivation of some fundamental right or liberty interest that is deeply rooted in this Nation's history and tradition." (citation and internal quotation marks omitted)).

The district court properly dismissed the Marutyans' Fourth Amendment

claim because the Marutyans failed to allege facts sufficient to show that defendant Las Vegas Metropolitan Police Department lacked probable cause to search their homes and dorm room and seize various items of personal property. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (probable cause requires a showing that there is a "fair probability that contraband or evidence of a crime will be found in a particular place").

Because the district court concluded that the Marutyans sufficiently pled a Fourteenth Amendment procedural due process claim in the original complaint and the operative First Amended Complaint also pleads a procedural due process claim, we vacate the judgment in part and remand to the district court so that this action may proceed on the Fourteenth Amendment procedural due process claim only.

We reject as meritless the Maruytans' contention that the district court erred in failing to address their request for a jury trial.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**